UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM CULBERSON, # 536501,

       Petitioner,

v.                                          Case No. 08-cv-11432
                                          Honorable Victoria A. Roberts

THOMAS K. BELL,

       Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS*

### I. INTRODUCTION

This is a habeas case filed pursuant to 28 U.S.C. § 2254. On April 3, 2008, Petitioner William Culberson, a state prisoner incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan, filed this Habeas Petition challenging his 2005 plea-based convictions for one count of first-degree criminal sexual conduct (CSC) and one count of second-degree CSC. The convictions arose from sexual contact between Petitioner and his step-daughters.

Petitioner's plea hearing took place on May 16, 2005, in the Ottawa County Circuit Court. On July 5, 2005, the trial judge sentenced him to eleven years, three months to thirty years in prison for the first-degree CSC conviction, and five years, eleven months to fifteen years for the second-degree CSC conviction.

In his *pro se* pleadings, Petitioner alleges he is entitled to habeas relief because (1) the Michigan Court of Appeals erred in denying his Delayed Application for Leave to Appeal on the basis that it lacked jurisdiction, (2) the trial court's scoring of the offense variables (OVs) violated his Sixth Amendment rights, and (3) trial counsel was ineffective for failing to object to

the scoring of the OVs.  At sentencing, Petitioner was scored ten points for OV 4, psychological injury, ten points for OV 10, exploitation of a vulnerable victim, and twenty-five points for OV 13, pattern of criminal activity.

Respondent says Petition's claims are untimely, unexhausted, not cognizable on habeas review, or without merit.

The Court denies the Petition.  The Court also declines to issue Petitioner a Certificate of Appealability and denies him an Application for Leave to Proceed on Appeal *In Forma Pauperis*.

## II.  BACKGROUND

Petitioner did not immediately file an Application for Leave to Appeal his guilty-plea convictions with the Michigan Court of Appeals.  Rather, on June 23 and 30, 2006, respectively, Petitioner, through counsel, filed a Motion to Correct the Presentence Report (PSI) and a Motion for Resentencing.  A hearing was held on July 17, 2006, and the trial court granted the Motion to Correct the PSI but denied the Motion for Resentencing.  The Order entered on August 1, 2006, but defense counsel received it on August 22, 2006.

On September 20, 2006, Petitioner filed a Delayed Application for Leave to Appeal the trial court's decision, raising the following claims: (1) the trial court's scoring of the OVs violated his Sixth Amendment rights, where there was no evidence beyond a reasonable doubt, or admission of facts by him in his plea, to support the scoring; and (2) trial counsel was ineffective for failing to object to the scoring of the OVs, resulting in a longer prison term.

On October 6, 2006, the Court of Appeals  dismissed the Delayed Application, citing lack of jurisdiction:

>The delayed application for leave to appeal filed September 20, 2006, is DISMISSED for lack of jurisdiction because the application was not filed within 12 months of the judgment of sentence as required by MCR 7.205(F)(3). Furthermore, MCR 7.205(F)(4) has not been satisfied because the application was not filed within 21 days of the August 22, 2006, sending of the order to the appellant that denied the motion for resentencing.  Lastly, MCR 7.205(F)(3)(b) is not applicable because the post[-]judgment motion was not filed within the initial 21-day period, which was between July 6, 2005 and July 26, 2005.

*People v. Culberson*, No. 273208 (Mich.Ct.App. Oct. 6, 2006).

On November 30, 2006, the Court of Appeals denied Petitioner's Motion for Reconsideration:

>The Court, acting under MCR 7.203(F)(2), orders that the motion for reconsideration is DENIED.  In a comparable situation involving failure to timely serve the order in a claim of appeal case, the time period to file the claim of appeal starts upon the actual service of the order.  See MCR 7.204(A)(3).  In this case the application was not filed within 21 days of actual service or even when counsel received the order.  Lastly, counsel received the affidavits, which were unnecessary because the register of actions showed no timely service of the August 1, 2006, order, at a time that the application could still have been easily filed within 21 days of August 22, 2006.

*People v. Culberson*, No. 273208 (Mich.Ct.App. Nov. 30, 2006).

Petitioner filed an Application for Leave to Appeal the Court of Appeals's decision with the Michigan Supreme Court, raising the same claims, but adding a claim alleging that the Court of Appeals erred in ruling that it did not have jurisdiction over his Delayed Application.  On April 24, 2007, the Supreme Court denied his Application.  *People v. Culberson*, 477 Mich. 1114; 729 N.W.2d 856 (2007).

Petitioner did not file a Post-Conviction Motion with the trial court or a Petition for Writ of Certiorari with the United States Supreme Court; he filed this Habeas Petition.

3

### III.  DISCUSSION

### A.  Standard of Review

Petitioner's claims are reviewed against the standards established by the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 (AEDPA), which provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case."  *Id.* at 409.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly."  *Id.* at 411.

The Supreme Court explained that "[a] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system."  *Miller-El v.*

*Cockrell*, 537 U.S. 322, 340 (2003).  The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'"  *Renico v. Lett*, ---U.S. ----, ----, 130 S.Ct. 1855, 1862 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) ( per curiam )).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, --- U.S. ----, ----, 131 S.Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court emphasizes "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)); *see also Cullen v. Pinholster*, --- U.S. ---, --- S.Ct. ---, 2011 WL 1225705, at *8 (2011) (holding that "[t]his is a difficult to meet and 'highly deferential standard for evaluating state-court rulings") (citing *Harrington*, --- U.S. ---, 131 S.Ct at 786 and *Woodford*, 537 U.S. at 24) (internal quotation marks omitted).

"[I]f this standard is difficult to meet, that is because it was meant to be."  *Harrington*, --- U.S. ---, 131 S.Ct. at 786.  Indeed, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."  *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington*, 131 S.Ct. at 786-87.

### B. Statute of Limitations and Exhaustion

Respondent first argues that the Habeas Petition should be dismissed because it was filed outside the one-year statute of limitations period applicable to federal-habeas actions. Respondent also argues that Petitioner's claims are unexhausted and should be dismissed. Finally, Respondent argues that the claims are either not cognizable on federal-habeas review or lack merit.

Neither the statute of limitations nor the failure to exhaust is a jurisdictional bar to consideration of a habeas petition on the merits. *Holland v. Florida*, --- U.S. ---, ---, 130 S.Ct. 2549, 2560 (2010) ("statute of limitations defense . . . is not 'jurisdictional'") (quoting *Day v. McDonough*, 547 U.S. 198, 205 (2006)); *see also Smith v. Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 429 n.2 (6th Cir. 2006) (same); *Granberry v. Greer*, 481 U.S. 129, 131-36 (1987) (doctrine of exhaustion not a jurisdictional limitation of the power of the court); *see also Pudelski v. Wilson*, 576 F.3d 595, 606 (6th Cir. 2009) (exhaustion is not a jurisdictional limitation) (citation omitted).

The interests of justice are best served by ruling on the Petition despite its untimeliness and the failure to exhaust. The Court addresses the merits of Petitioner's claims.

### C. Merits of Claims

#### 1. Lack of Jurisdiction–Not Cognizable

In his first habeas claim, Petitioner alleges that the Court of Appeals erred in dismissing his Delayed Application for lack of jurisdiction. This claim, alleging violations of Michigan law and court rules, is not cognizable upon federal-habeas review.

"Determination of whether a state court is vested with jurisdiction under state law is a

6

function of the state courts, not the federal judiciary." *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976) (citation omitted); *see also Wood v. Vasbinder*, No. 04-10049, 2007 WL 907642, at *5 (E.D. Mich. Mar. 23, 2007) (same) (citations omitted). It is well-settled that a perceived violation of state law may not provide a basis for federal-habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Only federal constitutional questions are cognizable on federal-habeas review. 28 U.S.C. §§ 2241(c)(3), 2254(a) (application for habeas writ challenging state criminal conviction may be entertained by federal court "only on the ground that [Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States"). The United States Supreme Court and the Sixth Circuit Court of Appeals have held that errors in the application of state law are not to be questioned on habeas review and that federal-habeas courts have no authority to interfere in matters of state law. *Estelle*, 502 U.S. at 67-68 ; *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Waters v. Kassulke*, 916 F.2d 329, 335 (6th Cir. 1990).

Petitioner is not entitled to habeas relief on this claim.

### 2. Improper Scoring of OVs–Not Cognizable

Petitioner challenges several aspects of his sentence. He alleges that the trial court erroneously scored his OVs in determining the sentencing guidelines and relied on facts which he did not admit and which were not proved beyond a reasonable doubt.

While the Court does not believe the sentencing guidelines were scored improperly, Petitioner cannot obtain relief from this Court on that ground anyway. The claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal-habeas review because it is based solely on state law. *See McPhail v. Renico*, 412 F.Supp.2d 647, 656 (E.D. Mich. 2006) (citations

omitted).

Petitioner had a constitutional right not to be sentenced on "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980) (quoting *United States v. Tucker*, 404 U.S. 443, 447 (1972)).  However, if Petitioner had alleged that his federal due process rights were violated because he was sentenced under purportedly erroneously scored sentencing guidelines, such a claim would be without merit.  "It is undisputed that convicted defendants, . . . have a due process right to a fair sentencing procedure."  *United States v. Anders*, 899 F.2d 570, 575 (6th Cir. 1990).  In passing sentence, a court should be provided as much accurate information as possible to render an appropriate sentence.  Due process requires that a defendant be afforded an opportunity to refute information relied upon by the sentencing judge, if such information can be shown to
have been materially false.  *Collins v. Buchkoe*, 493 F.2d 343, 346 (6th Cir. 1974); *United States v. Cesaitis*, 506 F.Supp. 518, 520 (E.D. Mich. 1981).

Petitioner was afforded an opportunity to refute information regarding the scoring of his guidelines, and he has not shown that the trial court relied on "extensively and materially false" information that he had no opportunity to correct prior to imposition of sentence.  *Townsend v. Burke*, 334 U.S. 736, 741 (1948).  He is not entitled to habeas relief on this claim.

Petitioner also contends that the trial judge violated his Sixth Amendment right to a trial by jury by using factors to score the guidelines, which had not been submitted to a jury and proved beyond a reasonable doubt or admitted to by him.  He believes that *Blakely v. Washington*, 542 U.S. 296 (2004) supports his position.

However, the claim that Michigan's sentencing guideline system, where judge-found

8

facts are used to establish the minimum sentence of an indeterminate sentence, violates the Sixth Amendment has been foreclosed by the Sixth Circuit's decision in *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) ("[Petitioner] argues that the Michigan trial judge violated *Apprendi* by finding facts that raised his minimum sentence. But *Harris v. United States* tells us that *Apprendi's* rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum.") (citations omitted).

Because Petitioner's sentence fell within the statutorily-authorized maximum penalty, which was not enhanced by judicial fact-finding, no Sixth Amendment violation occurred. Petitioner is not entitled to habeas relief regarding his sentencing claims.

### 3. No Ineffective Assistance of Counsel

Petitioner's claim that his attorney was constitutionally ineffective for failing to object to the scoring of the OVs prior to sentencing is without merit.

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *Strickland v. Washington*, 466 U.S. 668 (1994). To show that he was denied the effective assistance of counsel under federal constitutional standards, Petitioner must demonstrate that, considering all of the circumstances, counsel's performance fell below the objective standard of reasonableness and so prejudiced him that he was denied a fair proceeding. *Strickland*, 466 U.S. at 669, 694.

As to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Strickland*, 466 U.S. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. The Court must recognize that counsel is strongly presumed to have rendered

9

adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 689-690. To satisfy the prejudice prong of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Petitioner has not established that defense counsel was deficient or that he was prejudiced by counsel's failure to object to the scoring of OV 4, OV 10, or OV 13 at the Sentencing Hearing. Counsel may have reasonably determined that such objections would be futile because there was evidence to support the scoring. That was the case with OV 13. Defense counsel stated at the Sentencing Hearing that there was no basis to object to it. Sentence Hr'g Tr. 2, July 5, 2005.

The sentencing transcript reveals that prior to sentencing, defense counsel filed a letter with the court regarding corrections to the Presentence Report. The court considered the letter, and discussed sentencing scoring with counsel. The prosecutor indicated that several corrections to the guidelines were made. Defense counsel then stated that he "agree[d] with the guidelines scoring." Sentence Hr'g Tr. 2, July 5, 2005. Defense counsel noted that Petitioner was "trying to make up for a horrible mistake," that he had "settled the divorce case by giving virtually everything to his wife" so she could care and provide for her daughters, and that he was aware of his mistake. Sentence Hr'g Tr. 2, July 5, 2005.

Under the circumstances, and the fact that *Blakely* is not applicable to Michigan's indeterminate sentencing scheme, Petitioner fails to show that defense counsel was ineffective under the *Strickland* standard. Petitioner also fails to establish that, but for counsel's failure to object to the scoring of OV 4, OV 10, and OV 13, there is a reasonable probability that the result

of the sentencing hearing would have been different. He is not entitled to habeas relief on his ineffective-assistance-of-counsel claim.

### D.  Certificate of Appealability

The Court also declines to issue a Certificate of Appealability (COA) to Petitioner. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). "The district court must issue or deny a [COA] when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a).

When a federal court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); *see also Miller-El*, 537 U.S. at 327 (same). When a federal court denies a habeas claim on procedural grounds without addressing the merits, a COA should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484-85.

The Court declines to issue Petitioner a COA; reasonable jurists would not find it debatable whether this Court was correct in its rulings.

### IV.  CONCLUSION

For the reasons stated, the Court: (1) **DENIES** Petitioner's "Petition for Writ of Habeas Corpus" [Dkt. # 1] with prejudice; (2) **DECLINES** to issue Petitioner a COA; and (3) **DENIES**

Petitioner an Application for Leave to Proceed on Appeal *In Forma Pauperis* as any appeal would be frivolous and cannot be taken in good faith. *See* Fed.R.App.P. 24(a).

    **IT IS ORDERED**.

                                    s/Victoria A. Roberts
                                    Victoria A. Roberts
                                    United States District Judge

Dated: April 28, 2011

> The undersigned certifies that a copy of this document was served on the attorneys of record and William Culberson by electronic means or U.S. Mail on April 28, 2011.
>
> s/Linda Vertriest
> Deputy Clerk